UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARK ARTHUR,
   Plaintiff,

vs.  No. 07-1242

ILLINOIS,
   Defendant.

CASE MANAGEMENT ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A

     The plaintiff, Mark Arthur, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named one defendant: the state of Illinois.

     The plaintiff has attached grievances to his complaint, but the body of his complaint states:

> The South Mental Health Care units law library books are outdated and have pages missing. The main library has been notified of this issue, but the books have not been replaced. (Comp., p. 5)

     In his grievances, the plaintiff asks for legal assistance to help overturn his criminal conviction. His counselor has replied that the plaintiff's test scores indicate that he is not illiterate and he does speak English, so he is not entitled to personal legal assistance. The counselor also provides the plaintiff with the necessary paperwork for access to the law library where he can learn what steps he needs to take.

     Prison authorities are required "to assist inmates in the preparation and filing of meaningful legal papers." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th cir. 1994). They may satisfy this duty by either providing inmates with access to an adequate law library or adequate assistance from "trained legal personnel." *Id.* A plaintiff claiming he was denied this help must also show that the failure "hindered [the plaintiff's] efforts to pursue a legal claim." *Lewis,* 518 U.S. at 351. The plaintiff must show "some quantum of detriment caused by the challenged conduct." *Jenkins v Lane,* 977 F.2d 266, 268 (7th Cir. 1992).

     Even if the court found that the plaintiff had stated a violation of his constitutional rights,

1

he cannot proceed with this lawsuit. First, he has not named the proper defendant. The Eleventh Amendment bars suits against states since a state is not considered a person within the meaning of 42 U.S.C. §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "(A) defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).

Second, the plaintiff admits he has failed to exhaust his administrative remedies as required. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a). *See also Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, (7th Cir. 1999).

The plaintiff has used a standardized complaint form and has marked the box indicating that the grievance process is not completed. (Comp., p. 3) Each of the attached grievances indicate the plaintiff received a response, but the plaintiff did not mark the section asking for an appeal to the Administrative Review Board. The court notes that failure to exhaust administrative remedies is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint" the prisoner's complaint maybe dismissed. *Walker v Thompson,* 228 F.3d 1005, 1010-11 (7th Cir. 2002).

**IT IS THEREFORE ORDERED:**

> **1) The plaintiff's complaint is dismissed for failure to exhaust administrative remedies as required pursuant to 42 U.S.C. §1997e(a).   The plaintiff's lawsuit is dismissed without prejudice and the parties are to bear their own costs.**
>
> **2) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**
>
> **3) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**4) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

**5) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(c).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this ___1st____ day of October, 2007.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE